MARY Beth Kelly, J.
In this medical malpractice action, we must decide whether a plaintiff is entitled to amend an original notice of intent (NOI) when adding a nonparty defendant to a pending action pursuant to this Court’s holding in Bush v Shabahang[1] and MCL 600.2301 so that the amended NOI relates back to the original filing *243 for purposes of tolling the statute of hmitations. We hold that a plaintiff is not entitled to amend an original NOI to add nonparty defendants so that the amended NOI relates back to the original filing for purposes of tolling the statute of limitations, and we affirm the result reached by the Court of Appeals only and reverse the Court of Appeals’ judgment in all other respects.
I. FACTS AND PROCEDURAL HISTORY
In 2003, plaintiff Willie Driver[2] visited defendant Mansoor Naini, M.D., who administered a carcinoembryonic antigen (CEA)[3] test to plaintiff. The results indicated that plaintiff had a slightly elevated CEA level. Dr. Naini did not order a colonoscopy or take any further action even though plaintiff was over the age of 50 and had a family history of colon cancer. Shortly thereafter, plaintiff began experiencing unexplained weight loss, and in 2005 a gastroenterologist diagnosed him with stage TV colon cancer with metastasis to the liver.
On April 25, 2006, plaintiffs counsel sent a notice of intent (NOI) to file a medical malpractice action to Dr. Naini and Michigan Cardiology Associates, EC., (MCA) as required by MCL 600.2912b(1).[4] Plaintiff complied with timely filed a complaint against Dr. Naini and MCA on *244 October 23, 2006.[5] Plaintiff alleged that Dr. Naini had failed to properly screen for colon cancer and alleged that MCA was vicariously liable for the malpractice.
In January 2007, Dr. Naini and MCA sent a notice of nonparty at fault to plaintiffs counsel pursuant to MCR 2.112(K). Defendants named Cardiovascular Clinical Associates, PC. (CCA) as a potential defendant. Defendants indicated that CCA might be vicariously liable because Dr. Naini worked for CCA at some point during his treatment of plaintiff.
On February 1, 2007, plaintiff sent an NOI to CCA and moved to file an amended complaint to add CCA as a defendant pursuant to MCL 600.2957(2), the nonparty fault statute.[6] The circuit court granted the motion, and, 49 days later, on March 22, 2007, plaintiff filed an amended complaint and added CCA as a defendant to the action. In doing so, plaintiff failed to comply with the 91-day notice waiting period for adding a defendant to an existing medical malpractice action under MCL 600.2912b(3).[7]
*245 Subsequently, CCA moved for summary disposition, arguing that plaintiffs claim against it was time-barred because the statute of limitations had expired. According to CCA, plaintiff failed to toll the statute of limitations when he did not comply with the notice waiting period. Plaintiff responded that he had timely filed the amended complaint in accord with the nonparty fault statute, MCL 600.2957(2). The circuit court agreed and denied CCA’s motion.
The Court of Appeals granted CCA leave to appeal and reversed the circuit court and remanded for entry of summary disposition in CCA’s favor.[8] The Court of Appeals held that plaintiffs claim accrued “at the latest” when he was diagnosed with colon cancer in November 2005 and that plaintiff had two years from that point forward to commence an action against CCA.[9] The Court of Appeals reasoned that because plaintiff filed the amended complaint without first complying with the notice waiting period, the complaint failed to commence an action that tolled the statute of limitations.[10] The Court of Appeals cited Burton v Reed City Hosp Corp,[11] in which this Court held that a premature complaint does not commence an action that tolls the statute of limitations in a malpractice suit.[12] Here, plaintiff filed his amended complaint 49 days[13] after he sent CCA an NOI; therefore, the Court of Appeals concluded, the premature complaint did not toll the statute of hmitations and plaintiffs claim had become time-barred.[14]
*246 However, the Court of Appeals concluded that plaintiffs claim was saved in part by MCL 600.2957(2).[15] The Court of Appeals reasoned that because plaintiffs claim was partially valid under MCL 600.2957(2), yet totally barred by MCL 600.2912b, the statutes irreconcilably conflicted.[16] The Court of Appeals concluded that MCL 600.2912b was more specific and governed because it applies only in medical malpractice actions, whereas MCL 600.2957(2) applies to actions in general.[17] Accordingly, the Court of Appeals reversed the circuit court’s order denying CCA’s motion for summary disposition and remanded for entry of summary disposition in CCA’s favor.[18] Plaintiff applied for leave to appeal in this Court, and we ordered and heard oral argument on whether to grant the application.[19]
II. STANDARD OF REVIEW
We review de novo a circuit court’s decision on a motion for summary disposition.[20] This case requires interpretation of the several statutory provisions involved. We also review de novo issues of statutory interpretation.[21] When interpreting the meaning of a statute, our primary goal is to discern the intent of the *247 Legislature by first examining the plain language of the statute.[22] Statutory provisions must be read in the context of the entire act, giving every word its plain and ordinary meaning.[23] When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted.[24]
III. APPLICABLE LAW
MCL 600.2912b(1) requires a claimant to submit an NOI to a potential defendant before commencing a medical malpractice suit. This requirement is mandatory[25] and applies equally to individuals and professional entities, including professional corporations.[26] Ordinarily, the claimant must then wait 182 days before filing a complaint.[27]
The Legislature set forth a different set of requirements in MCL 600.2912b(3) for adding a defendant to an existing medical malpractice action. MCL 600.2912b(3) provides for service of additional NOIs on health professionals and health facilities that will be added to an existing medical malpractice action as follows:
The 182-day notice period required in subsection (1) is shortened to 91 days if all of the following conditions exist:
*248 (a) The claimant has previously filed the 182-day notice required in subsection (1) against other health professionals or health facilities involved in the claim.
(b) The 182-day notice period has expired as to the health professionals or health facilities described in subdivision (a).
(c) The claimant has filed a complaint and commenced an action alleging medical malpractice against 1 or more of the health professionals or health facilities described in subdivision (a).
(d) The claimant did not identify, and could not reasonably have identified a health professional or health facility to which notice must be sent under subsection (1) as a potential party to the action before filing the complaint. [Emphasis added.]
The 91-day waiting period required by MCL 600.2912b(3) is consistent with MCL 600.2957(2), which applies to lawsuits generally.[28] MCL 600.2957(2) provides:
*249 Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action. [Emphasis added.]
When a claimant files an NOI with time remaining on the applicable statute of limitations, that NOI tolls the statute of limitations for up to 182 days with regard to the recipients of the NOI.[29] In a medical malpractice action, a claimant normally has two years from the time his claim accrues to commence a suit.[30] A medical malpractice claim accrues “at the time of the act or omission that is the basis for the claim..., regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.”[31] *250 However, when a plaintiff discovers a claim two or more years after the alleged negligent act occurred, then the plaintiff must commence an action “within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later.”[32]
m ANALYSIS
A. PLAINTIFF DID NOT TOLL THE STATUTE OF LIMITATIONS APPLICABLE TO CCA AND HIS SUIT IS TIME-BARRED
In this case, the six-month discovery rule provides the applicable limitations period.[33] Plaintiff alleged in his complaint that Dr. Naini failed to screen for cancer in 2003 after a test showed that he had an elevated CEA level. This was the negligent act that formed the basis for his claim. Because the claim accrued in 2003 and plaintiff discovered the claim more than two years later, the six-month discovery rule applied. Contrary to the Court of Appeals’ erroneous conclusion, the November 2005 diagnosis of cancer was not the negligent act that gave rise to plaintiffs claim.[34] Accordingly, plaintiff had *251 six months from November 2005 (i.e., until May 2006) to commence a medical malpractice action against all defendants.[35]
There is no dispute that plaintiff timely filed suit within this six-month period with respect to Dr. Naini and MCA. Plaintiff provided those defendants an NOI in April 2006 and then waited 182 days before filing his complaint in October 2006. Plaintiff, however, first provided CCA an NOI in February 2007 and filed a complaint against CCA in March 2007, long after the six-month discovery period expired in May 2006. Because a medical malpractice plaintiff must provide every defendant a timely NOI in order to toll the limitations period applicable to the recipient of the NOI, plaintiff failed to toll the limitations period applicable to CCA.[36] Hence, plaintiffs complaint was time-barred with regard to CCA, and the Court of Appeals properly remanded the case for entry of summary disposition in CCA’s favor.[37]
B. BUSH v SHABAHANG IS INAPPLICABLE
Plaintiff, however, argues that he should be permitted to amend his original NOI pursuant to this Court’s holding in Bush[38] and MCL 600.2301[39] so that the NOI *252 he sent to CCA relates back in time to his original NOI. According to plaintiff, allowing amendment and relation back would preserve tolling with respect to all three defendants.
In Bush, the plaintiff sent an NOI to multiple defendants two days before the statute of limitations was set to expire.[40] The defendants moved for summary disposition and argued in part that the plaintiffs NOI was defective because it failed to state a particularized standard of care.[41] The circuit court granted summary disposition with regard to three of the defendants, but denied summary disposition with respect to certain claims against defendants Spectrum Health and West Michigan Cardiovascular Surgeons (WMCS).[42] On appeal, the Court of Appeals held that the plaintiffs NOI did not comply with the requirements of MCL 600.2912b(4) with respect to certain claims of liability against WMCS and Spectrum Health.[43] The Court affirmed in part, reversed in part, and remanded to the circuit court for entiy of partial summary disposition without prejudice of these claims, but held that the statute of limitations remained tolled until entiy of the judgment of summary disposition.[44] This Court granted leave to appeal and addressed whether a defective NOI tolls the statute of limitations under MCL 600.5856(c).[45] The Bush majority held that when an NOI fails to meet all of the content requirements under MCL 600.2912b(4),[46] MCL 600.2301 allows a plaintiff to *253 amend the NOI and preserve tolling unless the plaintiff failed to make a good-faith effort to comply with MCL 600.2912b(4).[47]
(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.
Bush is inapplicable to the present circumstances. At the outset we note that the holding in Bush that a defective yet timely NOI could toll the statute of limitations simply does not apply here because CCA never received a timely, albeit defective, NOI. More importantly, and contrary to the dissent’s analysis, the facts at issue do not trigger application of MCL 600.2301. That statute states:
The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties. [Emphasis added.]
*254 By its plain language, MCL 600.2301 only applies to actions or proceedings that are pending:[48] Here, plaintiff failed to commence an action against CCA before the six-month discovery period expired, and his claim was therefore barred by the statute of limitations. “An action is not ‘pending’ if it cannot be ‘commenced’... .”[49] In Bush, however, this Court explained that an NOI is part of a medical malpractice “proceeding.”[50] The Court explained that, “[s]ince an NOI must be given before a medical malpractice claim can be filed, the service of an NOI is a part of a medical malpractice ‘proceeding.’ As a result, [MCL 600.2301] applies to the NOI ‘process.’ ”[51] Although plaintiff gave CCA an NOI, he could not file a medical malpractice claim against CCA because the six-month discovery period had already expired. Service of the NOI on CCA could not, then, have been part of any “proceeding” against CCA because plaintiffs claim was already time-barred when he sent the NOI. A proceeding cannot be pending if it was time-barred at the outset. Therefore, MCL 600.2301 is inapplicable because there was no action or proceeding pending against CCA in this case.
Moreover, amendment of the original NOI to allow plaintiff to add CCA would not be “ ‘for the furtherance of justice’ ” and would affect CCA’s “substantial rights.”[52] Every defendant in a medical malpractice suit is entitled to a timely NOI. The legislative purpose behind the notice requirement “was to provide a mechanism for ‘promoting settlement without the need for formal litigation, reducing the cost of medical malpractice litigation, and providing compensation for meritorious medical malpractice *255 claims that would otherwise be precluded from recovery because of litigation costs ...”[53] Applying MCL 600.2301 in the present case would deprive CCA of its statutory right to a timely NOI followed by the appropriate notice waiting period, and CCA would be denied an opportunity to consider settlement. CCA would also be denied its right to a statute-of-limitations defense. These outcomes are plainly contrary to, and would not be in furtherance of, the Legislature’s intent in enacting MCL 600.2912b.
In addition, allowing a claimant to amend an original NOI to add nonparty defendants conflicts with the statutory requirements that govern the commencement of a medical malpractice action and tolling of the statute of limitations. MCL 600.2912b(1) states that
a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [Emphasis added.]
We have construed this provision as containing a dual requirement: A plaintiff must (1) submit an NOI to every health professional or health facility before filing a complaint[54] and (2) wait the applicable notice waiting period with respect to each defendant before he or she can commence an action.[55] A plaintiff has the burden of ensuring compliance with these mandates.[56] With regard to the requirement that a plaintiff provide every defendant an NOI during the applicable limitations period before filing a complaint, nothing in Bush elimi *256 nates this requirement. Permitting amendment to add time-barred nonparty defendants to an original NOI on the basis of Bush would render the NOI requirement meaningless and the provision pertaining to nonparty defendants, MCL 600.2912b(3), nugatory.[57]
Nor does Bush compel the conclusion that a plaintiff can add a nonparty defendant and avoid compliance with the notice waiting period by simply amending the original NOI. As we explained in Burton, when a plaintiff fails to strictly comply with the notice waiting period under MCL 600.2912b, his or her prematurely filed complaint fails to commence an action that tolls the statute of limitations.[58] The plaintiff in Burton underwent abdominal surgery at the defendant hospital and suffered complications allegedly caused by the defendants’ negligence.[59] The plaintiff sent the defendants an NOI and, 115 days later, filed a complaint.[60] After the statute of limitations expired, the defendants moved for summary disposition and argued that the plaintiff had failed to comply with the notice waiting period under MCL 600.2912b.[61] The defendants argued that the premature complaint failed to toll the statute of limitations, and we agreed.[62] We parsed the language of MCL 600.2912b and explained that it “unequivocally provides that a person ‘shall not’ commence an action alleging medical malpractice against a health profes *257 sional or health facility until the expiration of the statutory notice period.”[63] We stated:
The directive in [MCL 600.2912b(l)] that a person “shall not” commence a medical malpractice action until the expiration of the notice period is similar to the directive in [MCL 600.2912d(l)] that a plaintiffs attorney “shall file with the complaint an affidavit of merit. .. .” Each statute sets forth a prerequisite condition to the commencement of a medical malpractice lawsuit. The filing of a complaint before the expiration of the statutorily mandated notice period is no more effective to commence a lawsuit than the filing of a complaint without the required affidavit of merit. In each instance, the failure to comply with the statutory requirement renders the complaint insufficient to commence the action.[64]
In sum, the significance of Burton is that a plaintiff cannot commence an action that tolls the statute of limitations against a particular defendant until the plaintiff complies with the notice-waiting-period requirements of MCL 600.2912b.
Nothing in Bush altered our holding in Burton.[65] The central issue in Bush involved the effect an NOI had on tolling when the NOI failed to comply with the content requirements of MCL 600.2912b(4).[66] The central issue *258 in Burton involved the effect the plaintiffs failure to comply with the notice-waiting-period requirements had on tolling. Indeed, the Bush Court repeatedly emphasized that the focus of MCL 600.5856(c) is compliance with the notice waiting period set forth in MCL 600.2912b.[67] In contrast to placing doubt on the viability of Burton, this aspect of Bush aligned with Burton’s holding that a plaintiff must comply with the notice waiting period to ensure the complaint tolls the statute of limitations.[68]
Additional concerns support our conclusion that a plaintiff cannot amend an originally filed NOI to add a nonparty defendant. Not only would such a rule be contrary to the plain language of the statutory provisions at issue, but it would create a situation permitting endless joinder of nonparty defendants. Plaintiff would have us allow a claimant in a malpractice action to preserve claims against an infinite number of potential nonparty defendants by simply submitting an NOI to a single defendant. This would absolve a plaintiff of his or her statutory burden to preserve tolling in accord with the prerequisites explained in Burton. Absent the statu *259 tory mechanisms governing tolling, a claimant could continually add nonparty defendants to an existing action for an undefined amount of time. This result is contrary to the plain language of MCL 600.2912b and MCL 600.5856(c).
Moreover, amendment and relation back would defeat the very principles underlying limitations periods. In Moll v Abbott Laboratories[69] we explained that
[statutes of limitations are intended to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend; to relieve a court system from dealing with stale claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured; and to protect potential defendants from protracted fear of litigation.[70]
Were a plaintiff able to continually add nonparty defendants to a malpractice action, the nonparty defendants would be exposed to protracted fear of litigation and plaintiffs would not be compelled to promptly prosecute claims once they submitted an NOI to a single defendant. Nonparty defendants would not be provided a fair opportunity to defend against claims, as the facts underlying the claim could have occurred long before the party was added to the suit. Courts would be required to shepherd stale claims through their dockets, which could result in delay and docket congestion. We decline to adopt such a radical departure from the Legislature’s carefully crafted framework that governs commencement and tolling in a medical malpractice suit.
*260 C. MCL 600.2957(2) DOES NOT SAVE PLAINTIFF’S CLAIM
Plaintiff also contends that application of MCL 600.2301 in this case is necessary to ensure that a medical malpractice claimant whose claim is governed by the six-month discovery rule can subsequently add a nonparty at fault under MCL 600.2957(2). MCL 600.2957(2) provides:
Upon motion of a party within 91 days after identification of a nonparty; the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action. [Emphasis added.]
With respect to the present case, the key language in this provision allows a party to add a defendant to an action if the claim against the new defendant would not have been time-barred “at the time of the filing of the original action.”[71] Plaintiff commenced the original action against Dr. Naini and MCA in October 2006. At that time, the statute of limitations had long since expired with respect to CCA. As noted earlier, the complaint was timely with respect to Dr. Naini and MCA because plaintiff sent those defendants an NOI that tolled the statute of limitations. That NOI did not *261 toll the statute of limitations with respect to CCA. Hence, plaintiff could not add CCA pursuant to MCL 600.2957(2) because plaintiffs claim against CCA would have been barred at the time the original action was filed.[72]
Plaintiff contends that the notice waiting period will always serve to exhaust the six-month limitations period applicable to a claim governed by the discovery rule. Plaintiff argues that it is necessary that he be able to amend his original NOI in order to avail himself of the provisions of MCL 600.2957(2). Plaintiffs argument is unpersuasive for two reasons: first, a claimant can toll the six-month limitations period by filing an NOI before that limitations period expires; second, as articulated earlier, allowing plaintiff to amend the original NOI so that he or she can add a nonparty under MCL 600.2957(2) runs counter to the legislative framework governing commencement of and tolling in malpractice actions. We cannot ignore the plain language of MCL 600.2912b to permit a plaintiff to utilize MCL 600.2957(2) under the present circumstances.[73]
*262 Moreover, we presume the Legislature was aware of the nuance between adding a nonparty at fault under MCL 600.2957(2) and the notice waiting period under MCL 600.2912b (i.e., that the 182-day waiting period virtually engulfs the discovery rule’s six-month limitations period) when it enacted MCL 600.2957 in 1995 PA 161 as part of the 1995 tort reform legislation.[74] Further, in enacting the tort reform legislation, the Legislature eliminated joint and several liability in tort actions with the exception of medical malpractice suits.[75] As joint and several liability remains the rule, inclusion of all potential parties in a medical malpractice action is not necessary in order for a plaintiff to secure full recovery.
V RESPONSE TO THE DISSENT
Although the dissent accuses the majority of misinterpreting the statutes at issue, it is obvious from the dissent’s dire attempt to save plaintiffs claim that it is in fact the dissent that misconstrues the statutory framework governing medical malpractice claims. Central to the dissent’s flawed analysis is its failure to recognize that plaintiffs claims against CCA, MCA, and Dr. Naini accrued at the same time when plaintiff discovered the negligent act and were governed by the same six-month limitations period. Thus, when plaintiff failed to provide CCA an NOI within that six-month period, plaintiffs claim became time-barred. The dissent, however, erroneously posits that plaintiffs claim accrued against CCA when plaintiff learned that CCA *263 might be vicariously liable. This conclusion is wholly unsupported by law and ignores the statutory framework governing claim accrual. Receipt of notice of a nonparty at fault under MCL 600.2957(2) is irrelevant to determining the date of accrual of a medical malpractice claim.[76] Nor did MCL 600.2957(2) provide plaintiff with an additional 91 days in which to commence an action against the nonparty defendant, as the dissent asserts. As we have explained, that provision, by its plain language, is not a tolling provision, nor does it otherwise provide an additional basis on which to bring a claim.
Moreover, the dissent overlooks the significance of Burton. Plaintiff failed to comply with the 91-day notice waiting period under MCL 600.2912b(3) after he sent CCA an NOI. Pursuant to Burton, the premature complaint failed to commence an action that tolled the statute of limitations, and his claim was time-barred when the Court of Appeals issued its opinion and order *264 reversing the circuit court’s order denying CCA’s motion for summary disposition and remanding the case to the circuit court for the entry of an order of summary disposition in CCA’s favor. Although the dissent claims that Burton is inapplicable to the present case, the dissent would essentially overrule Burton and disregard the notice-waiting-period requirements mandated by MCL 600.2912b. Unlike the dissent, we will adhere to the plain language of MCL 600.2912b and binding precedent established in Burton.
Finally, the dissent’s attempt to save plaintiffs claim through reliance on MCL 600.2301 is unavailing. As we previously stated, MCL 600.2301 does not apply in this case because it only applies in actions or proceedings that are “pending.” Plaintiffs claim with regard to CCA was time-barred from the outset; hence, it was not “pending” because it could not be commenced.[77] While the dissent acknowledges that amendment under MCL 600.2301 would deprive CCA of the period permitted for the parties to attempt to settle the claim, it concludes that deprivation of this period would not affect CCA’s substantial rights because there is no indication that CCA would have settled the claim. The dissent further posits that, because plaintiff “attempted to follow the applicable procedural requirements” for adding a non-party at fault, allowing amendment under MCL 600.2301 would be “in the furtherance of justice.”[78] However, the dissent’s eagerness to do away with the statutory framework governing notice, limitations periods, and claim accrual simply because plaintiff “attempted” to comply with MCL 600.2957(2) amounts to nothing more than an effort to judicially toll the statute *265 of limitations applicable to CCA by permitting plaintiff to amend the original NOI under MCL 600.2301.
VI. CONCLUSION
Plaintiff failed to commence an action against CCA before the statutory limitations period expired and his amended complaint was time-barred. Plaintiff was not entitled to amend his original NOI and preserve tolling with regard to CCA because that would be counter to the legislative framework governing commencement of and tolling in a medical malpractice action. Because entry of summary disposition in CCA’s favor was warranted, we affirm the result reached by the Court of Appeals only and reverse the Court of Appeals’ judgment in all other respects.
YOUNG, C.J., and MArkmAN and ZAHRA, JJ., concurred with Mary Beth Kelly, J.

 Bush v Shabahang, 484 Mich 156; 772 NW2d 272 (2009).

 There are two plaintiffs in this case, but because plaintiff Beverly Driver’s claims are derivative of Willie Driver’s claims, we use the singular term “plaintiff” to refer to the latter throughout the opinion.

 “Carcinoembryonic antigen” is defined as
[a] glycoprotein (carbohydrate plus protein) occurring in the feces (stool), secretions of the liver and pancreas, and the blood plasma of patients with neoplastic (tumors, cancers) diseases and non-neoplastic conditions, as cancers of the colon, pancreas, breast, and lung, alcoholic cirrhosis of the liver, inflammatory bowel disease, rectal polyps, etc. [1 Schmidt, Attorneys’ Dictionary of Medicine (Matthew Bender & Co, Inc 2000), p C-66.]

 MCL 600.2912b(1) provides:
*244 Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

 There is no dispute that the complaint was timely and valid as to these defendants.

 MCL 600.2957(2) provides:
Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

 For purposes of this opinion, we assume, without deciding, that the 91-day notice period under MCL 600.2912b(3) applies.

 Driver v Naini, 287 Mich App 339; 788 NW2d 848 (2010).

 Id. at 345.

 Id. at 348.

 Burton v Reed City Hosp Corp, 471 Mich 745; 691 NW2d 424 (2005).

 Driver, 287 Mich App at 347-348, citing Burton, 471 Mich at 753-754.

 The Court of Appeals erroneously stated that plaintiff filed his amended complaint 39 days after he sent CCA the NOI. Id. at 348.

 Id. at 348-349.

 Id. at 350-351.

 Id.

 Id. at 352.

 Id. at 353-355.

 Driver v Cardiovascular Clinical Assoc, 488 Mich 957 (2010). In our order, we directed the parties to address “whether this Court’s decision in [Bush, 484 Mich 156], allows for the application of MCL 600.2301 in cases involving prematurely filed complaints under MCL 600.2912b(1), and whether [Burton, 471 Mich 745], retains any viability in light oí Bush.”

 Allison v AEW Capital Mgt, LLP, 481 Mich 419, 424; 751 NW2d 8 (2008).

 Detroit v Ambassador Bridge Co, 481 Mich 29, 35; 748 NW2d 221 (2008).

 In re MCI Telecom Complaint, 460 Mich 396, 411; 596 NW2d 164 (1999); Sun Valley Foods Co v Ward, 460 Mich 230, 236; 596 NW2d 119 (1999).

 Herman v Berrien Co, 481 Mich 352, 366; 750 NW2d 570 (2008); Macomb Co Prosecutor v Murphy, 464 Mich 149, 158; 627 NW2d 247 (2001).

 Danse Corp v Madison Hts, 466 Mich 175, 182; 644 NW2d 721 (2002).

 Roberts v Mecosta Co Gen Hosp, 466 Mich 57, 65; 642 NW2d 663 (2002); Burton, 471 Mich at 752-753, citing Omelenchuk v City of Warren, 461 Mich 567, 572; 609 NW2d 177 (2000).

 Potter v McLeary, 484 Mich 397, 402-403; 774 NW2d 1 (2009).

 MCL 600.2912b(1). A claimant need only wait 154 days if the potential defendant fails to submit a timely response. MCL 600.2912b(8).

 The Court of Appeals clearly erred by holding that MCL 600.2912b irreconcilably conflicts with MCL 600.2957(2). The conflict analysis was unnecessary because the Court incorrectly determined that plaintiffs claim was partially saved by MCL 600.2957(2), but completely barred by MCL 600.2912b. As explained later in this opinion, plaintiffs entire claim was time-barred, and neither statute saved the claim. Moreover, the Court of Appeals failed to consider how the 91-day period in MCL 600.2957(2) is consistent with the 91-day notice waiting period in MCL 600.2912b(3). Specifically, nothing in MCL 600.2957(2) excuses a plaintiff from having to wait until the notice period expires before commencing an action against a defendant as is required by MCL 600.2912b(3). MCL 600.2957(2) only requires a plaintiff to file a motion to add a defendant within 91 days of receiving notice of the nonparty at fault; it does not require the plaintiff to file the amended complaint within 91 days. Therefore, a plaintiff can file a motion to add a defendant within 91 days after receiving notice of the nonparty, file an amended NOI, and wait until the notice period expires before filing an amended complaint. And while MCR 2.112(K)(4) (the court rule governing the addition of nonparties to a pending action) does seem to require that a plaintiff file an amended complaint within 91 days, it also states that “[t]he court may permit later amendment as provided in MCR 2.118,” and under MCR *249 2.118(A)(2) “[Reave shall be freely given when justice so requires.” Given the foregoing, the dissent’s assertion that MCL 600.2912b and MCL 600.2957(2) are only reconcilable if read in concert with MCL 600.2301 is plainly wrong. To summarize, in order to add a nonparty at fault to a medical malpractice case, a plaintiff should move to add the nonparty within 91 days of receiving notice of that nonparty. Then, in a motion to amend a claim, the plaintiff should indicate that he or she intends to file the amended claim at the conclusion of the NOI waiting period.

 MCL 600.5856(c) provides:
The statutes of limitations or repose are tolled in any of the following circumstances:
(c) At the time notice is given in compliance with the applicable notice period under section [MCL 600.2912b], if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.
See, also, Waltz v Wyse, 469 Mich 642, 646 n 6; 677 NW2d 813 (2004).

 MCL 600.5838a(2); MCL 600.5805(1) and (6).

 MCL 600.5838a(1).

 MCL 600.5838a(2) (emphasis added). This provision is generally referred to as the discovery rule.

 The dissent makes inconsistent statements regarding application of the discovery rule in this case, and states that “at least portions” of plaintiffs claims against CCA are governed by the standard two-year statute of limitations because plaintiff alleged that Dr. Naini negligently treated him until November 2005. Post at 271. However, the dissent overlooks the fact that plaintiff conceded in his brief on appeal and during oral argument that the six-month discovery rule governs his negligence claim with regard to CCA. Nevertheless, as discussed later in this opinion, even if a portion of plaintiffs claims were governed by the two-year statute of limitations, plaintiff failed to commence an action against CCA that tolled the statute of limitations because his complaint against CCA was premature. See Burton, 471 Mich at 753-754. Thus, plaintiffs claims would be time-barred even if the two-year limitations period were applicable. See id.

 See MCL 600.5838a(1) (stating that a medical malpractice claim “accrues at the time of the act or omission that is the basis for the claim . . . regardless of the time the plaintiff discovers or otherwise has knowledge of the claim”) (emphasis added).

 MCL 600.5838(2).

 MCL 600.5856(c); MCL 600.2912b(1); Potter, 484 Mich at 402-403.

 MCL 600.5838a(2) (“A medical malpractice action that is not commenced within the time prescribed by this subsection is barred.”).

 Bush v Shabahang, 484 Mich 156.

 MCL 600.2301 provides:
The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

 Bush v Shabahang, 278 Mich App 703, 707; 753 NW2d 271 (2008).

 Id.

 Id. at 706-708, 716-719.

 Id. at 718-719, 726-727.

 Id. at 727.

 Bush, 484 Mich at 164.

 MCL 600.2912b(4) provides:
The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:
*253 (a) The factual basis for the claim.
(b) The applicable standard of practice or care alleged by the claimant.
(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.
(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.
(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

 Bush, 484 Mich at 176-178. In doing so, the Bush majority questioned precedent set forth in Roberts, 466 Mich at 57, and Boodt v Borgess Med Ctr, 481 Mich 558; 751 NW2d 44 (2008). See Bush, 484 Mich at 165-170, 175 n 34; id. at 190-192, 199-200 (Markman, J., dissenting).

 Boodt, 481 Mich at 563 n 4.

 Bush, 484 Mich at 195 (Markman, J., dissenting).

 Id. at 176.

 Id. at 176-177 (emphasis added).

 Id. at 177, quoting MCL 600.2301.

 Id. at 174, quoting Senate Legislative Analysis, SB 270, August 11, 1993; House Legislative Analysis, HB 4403 to 4406, March 22, 1993.

 See Omelenchuk v City of Warren, 461 Mich 567, 572; 609 NW2d 177 (2000); Potter, 484 Mich at 402-403.

 Burton, 471 Mich at 752-754.

 Id. at 753, citing Roberts, 466 Mich at 66.

 See State Farm Fire & Cas Co v Old Republic Ins Co, 466 Mich 142, 146; 644 NW2d 715 (2002) (“Courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory.”).

 Burton, 471 Mich at 753.

 Id. at 747.

 Id. at 748.

 Id. at 749.

 Id.

 Id. at 752. The Court’s holding in Burton that a plaintiff cannot commence his or her action until the notice period has expired was unanimous. See id. at 758, 762-764, 766-767 (KELLY, J., dissenting).

 Id. at 753-754 (majority opinion) (emphasis added).

 We decline plaintiffs invitation to depart from well-settled precedent and overrule Burton. Rather, we adhere to the doctrine of stare decisis. See Robinson v Detroit, 462 Mich 439, 463; 613 NW2d 307 (2000) (“Stare decisis is generally ‘the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.’ ”), quoting Hohn v United States, 524 US 236, 251; 118 S Ct 1969; 141 L Ed 2d 242 (1998).

 Bush, 484 Mich at 164-172.

 Id. at 169-170.

 Indeed, Bush repeatedly recognized that NOI must be timely filed. See, for example, Bush, 484 Mich at 161 (“[T]he current statute, [MCL 600.5856(c)], makes clear that the question whether tolling applies is determined by the timeliness of the NOI.”); id. (“[I]f an NOI is timely, the statute of limitations is tolled ....”); id. at 169 (“[T]he focus of the new [MCL 600.5856(c)] is unquestionably limited to compliance with the ‘applicable notice period.’ ”); id. (“[I]f a plaintiff complies with the applicable notice period before commencing a medical malpractice action, the statute of limitations is tolled.”); id. at 170 (“[A] plaintiffs NOI must comply only with the applicable notice period.”); id. at 172 (“The plain language of [MCL 600.2912b(1)] mandates that a plaintiff shall not commence an action for medical malpractice without filing a timely NOI.”); id. at 184 (“If a court ultimately determines that the [defendant’s] response is not defective, plaintiffs complaint [filed 154 days, rather than 182 days after the NOI] may be deemed untimely.”).

 Moll v Abbott Laboratories, 444 Mich 1, 14; 506 NW2d 816 (1993).

 Id., quoting Bigelow v Walraven, 392 Mich 566, 576; 221 NW2d 328 (1974) (quotation marks omitted).

 The dissent misconstrues this language as creating an independent cause of action or an additional limitations period. Post at 273 (stating that MCL 600.2957(2) “creates its own 91-day window in which a plaintiff can bring a claim against the identified nonparty at fault”). However, a closer reading of the statutory language reveals that it does not create an independent cause of action or limitations period. Rather, the statute allows a plaintiff to utilize the original filing to add a nonparty at fault if and only if the plaintiffs claim against the nonparty defendant would not have been barred at the time of the filing of the original action. MCL 600.2957(2).

 The dissent states that we erroneously conclude that plaintiff cannot use the 91-day window under MCL 600.2957(2) “because plaintiff did not provide an NOI to CCA six months before filing the original action.” Post at 274. The dissent wrongly asserts that our holding renders “an entire provision of the [statute] .... nugatory” and runs counter to “the intent of the Legislature ... .” Post at 274-275. As we explained earlier, MCL 600.2957(2), MCL 600.2912b(3), and MCR 2.112(K)(4) all work in concert to allow a plaintiff to add a nonparty to an existing malpractice action. Unlike the dissent, we will adhere to the plain language of the statute because we believe it is the best indicator of the Legislature’s intent. See Danse Corp, 466 Mich at 181-182. Under the plain language of MCL 600.2957(2), plaintiff simply cannot add CCA to the action because his claim with regard to CCA was time-barred at the time he originally filed an action against Dr. Naini and MCA.

 See Danse Corp, 466 Mich at 181-182.

 See Walen v Dep’t of Corrections, 443 Mich 240, 248; 505 NW2d 519 (1993) (“It is a well-known principle that the Legislature is presumed to be aware of, and thus to have considered the effect on, all existing statutes when enacting new laws”).

 See MCL 600.2956; MCL 600.6304.

 The dissent erroneously claims that this assertion “is contrary to any logical reading of the discovery rule.” Post at 272 n 13. However, this is not so under the plain language of the statutory rules governing claim accrual. Although we have already explained the statutory framework governing claim accrual in detail, we once again make this point: a medical malpractice claim accrues “at the time of the act or omission that is the basis for the claim . . . regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.” MCL 600.5838a(1) (emphasis added). When a plaintiff learns of an alleged negligent act or omission that will form the basis of his or her claim two or more years after its occurrence, that plaintiff has six months from that point forward to commence an action against all defendants who are responsible for the alleged negligent act or omission, including defendants who are vicariously liable. MCL 600.5838a(2). Contrary to the dissent’s erroneous assertion, under MCL 600.5838a(2), a plaintiff does not have a new six-month discovery period every time he or she learns of a new nonparty at fault. MCL 600.5838a(2). Thus, it is the dissent’s, not the majority’s, construction of MCL 600.5838a(2) that is “contrary to any logical reading” of the plain language of that provision.

 See Bush, 484 Mich at 195 (Markman, J., dissenting) (“An action is not ‘pending’ if it cannot he ‘commenced . ...’ ”).

 Post at 279-280.