# STATE OF MICHIGAN

# COURT OF APPEALS

SECURITY FINANCIAL MANAGEMENT
COMPANY and SHERRY KATZ-CRANK a/k/a
SHERRY L. KATZ-HEDRINGTON,

UNPUBLISHED
February 24, 2015

Plaintiffs-Appellees,

v

No. 318849
Ingham Circuit Court
LC No. 12-000001-CB

ROBERT NELMS,

Defendant-Appellant.

Before: RIORDAN, P.J., and MURPHY and BOONSTRA, JJ.

PER CURIAM.

Defendant, Robert Nelms, appeals as of right the trial court order granting summary disposition in favor of plaintiffs, Security Financial Management Company (SFMC) and Sherry Katz-Crank (Katz-Crank). Defendant was held criminally liable regarding the improper use of cemetery trust funds in the context of his purchase of Memorial Gardens Management Company (MGMC) and the issuance of debentures to conceal the missing funds. Plaintiff Katz-Crank performed legal services for defendant in the context of that transaction, and then formed SFMC with defendant in order to assist in the regulatory and accounting aspects of managing the trust accounts. In the instant lawsuit, plaintiffs assert counts of fraud and conversion against defendant. The trial court granted summary disposition to plaintiffs. The parties then stipulated to the amount of damages, pending appeal, in the amount of $450,000, but did not differentiate between fraud and conversion. We affirm.

## I. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

We review *de novo* the grant of summary disposition and determine if the moving party is entitled to a judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

### B. GENUINE ISSUES OF MATERIAL FACT

#### 1. FRAUD

-1-

Common-law fraud or fraudulent misrepresentation involves: (1) the defendant making a representation of material fact; (2) the representation was false; (3) the defendant made it with the intention that the plaintiff would rely on it; (4) the defendant either knew at the time that the representation was false or made it with reckless disregard for its accuracy; (5) the plaintiff actually relied on the representation; and (6) the plaintiff suffered damage as a result. *Barclae v Zarb*, 300 Mich App 455, 476; 834 NW2d 100 (2013). See also *Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012).

On appeal, defendant does not deny that he wrongfully converted cemetery trust funds and made false representations to others. Instead, he contends that his misrepresentations were made to others, not to Katz-Crank directly, so there was no fraud relating to plaintiffs. However, defendant ignores his testimony in the Indiana criminal matter wherein he admits that he lied to Katz-Crank regarding obtaining the loan from Citi-Group to finance the MGMC purchase.[1] He also testified that Katz-Crank was paid only for her legal bills, and received nothing of the converted funds. Further, defendant agreed to the formation of SFMC and that plaintiffs would assist in the regulatory and accounting aspects of managing the cemetery trust funds. He did so knowing that he had already converted the trust funds, thereby rendering the debentures essentially worthless and SFMC relatively pointless.

Defendant, however, contends that Katz-Crank was involved in structuring the MGMC transaction so she knew that the trust funds had been replaced by debentures. The record indicates that Katz-Crank drafted the debentures. However, there is no evidence that Katz-Crank knew the debentures were effectively worthless or that defendant had converted the trust funds for his own use. The evidence before the trial court was sufficient to conclude that defendant committed securities fraud through the debenture scheme to conceal his conversion; that defendant lied to Katz-Crank about whether he had received a loan; and that defendant allowed Katz-Crank to believe that the debentures had value in order to help perpetuate his scheme.

The trial court did not err in finding no genuine issue of material fact and that plaintiffs were entitled to judgment as a matter of law regarding fraud. *Maiden*, 461 Mich at 118.

## 2. CONVERSION

We likewise find that summary disposition is proper regarding plaintiffs' statutory conversion claim. Plaintiffs alleged in their complaint that they suffered damage as a result of defendant's embezzlement of the cemetery trust assets. They further claimed that defendant converted SFMC's assets and those which SFMC managed for his own benefit and use. Plaintiffs relied on MCL 600.2919a, which provides:

 (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

---

[1] Defendant raises no challenge on appeal to the admissibility of this evidence.

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

The primary goal of statutory interpretation "is to discern the intent of the Legislature by first examining the plain language of the statute." *Driver v Naini,* 490 Mich 239, 246-247; 802 NW2d 311 (2011). When the language is clear and unambiguous, "no further judicial construction is required or permitted, and the statute must be enforced as written." *Pohutski v City of Allen Park,* 465 Mich. 675, 683; 641 NW2d 219 (2002) (quotation marks and citation omitted). A statutory provision must be read in the context of the entire act, and "every word or phrase of a statute should be accorded its plain and ordinary meaning." *Krohn v Home-Owners Ins Co,* 490 Mich 145, 156; 802 NW2d 281 (2011). "It is a well-established rule of statutory construction that this Court will not read words into a statute." *Byker v Mannes,* 465 Mich. 637, 646-647; 641 NW2d 210 (2002).

Defendant admits that he engaged Katz-Crank's services to issue debentures to replace the trust funds that he converted for his own use. He and Katz-Crank then formed SFMC to coordinate regulatory and accounting aspects for the management of the trust funds, even though he had already converted the funds. Defendant does not dispute that plaintiffs incurred expenses in the formation and running of SFMC. Defendant further admits that Katz-Crank initially invested $25,000 as startup capital for SFMC.[2] He also concedes that he was guilty of converting the cemetery trust funds and that SFMC was ultimately placed in receivership.

There is no genuine issue of material fact regarding plaintiffs' MCL 600.2919a claim. According to the plain language of the statute, plaintiffs were "damaged as a result" of defendant stealing, embezzling, or converting the cemetery trust funds for his own use. Although defendant insists that there is no evidence that he converted SFMC funds, or any property that SFMC had an ownership or possessory interest in, the statute broadly offers recovery for "a person damaged as a result" of defendant's acts of theft, embezzlement, or conversion. Under the plain language of the statute, it is not a condition precedent that plaintiff have had an ownership interest in the cemetery trust funds for MCL 600.2919a to apply. Because plaintiffs were clearly damaged as a result of defendant's conversion of the cemetery trust funds, they are entitled to recovery under the statute.

Because we agree with plaintiffs that summary disposition is proper on these grounds, we decline to address their alternate arguments regarding judicial and collateral estoppel.

---

[2] On appeal, Katz-Crank asserts that she contributed over $45,000 in cash and equipment toward the initial start up operations of SFMC.

## II. CONCLUSION

The trial court properly granted plaintiffs summary disposition regarding their fraud and statutory conversion claims because no genuine issues of material fact exist. We affirm.

/s/ Michael J. Riordan
/s/ William B. Murphy
/s/ Mark T. Boonstra