# STATE OF MICHIGAN

# COURT OF APPEALS

BELLAIRE FAMILY AND COSMETIC
DENTISTRY, P.C.,

UNPUBLISHED
February 11, 2016

Plaintiff/Counter-Defendant-
Appellant,

v

No. 324016
Grand Traverse Circuit Court
LC No. 2014-030143-CK

MELISSA AYLWORTH,

Defendant/Counter-Plaintiff-
Appellee.

Before: O'CONNELL, P.J., and OWENS and BECKERING, JJ.

PER CURIAM.

Plaintiff, Bellaire Family and Cosmetic Dentistry, P.C. (Bellaire) appeals as of right the trial court's order granting defendant, Melissa Aylworth, summary disposition under MCR 2.116(C)(7). We reverse and remand.

## I. FACTUAL BACKGROUND

As part of Aylworth's employment as a dentist in Bellaire's office, the parties entered into contracts that provided that Aylworth was "responsible for replacing any failing or clinically unacceptable dental work that she has delivered to patients of [Bellaire.]" After Aylworth left Bellaire's employment, Bellaire filed a complaint for breach of contract, alleging that it discovered that Aylworth had rendered failing or clinically unacceptable dental work to over thirty patients, and thus, Aylworth was responsible for the costs and expenses Bellaire incurred in repairing and replacing the dental work.

In June 2014, following extensive proceedings, Aylworth moved for summary disposition, alleging in pertinent part that Bellaire's suit sounded in medical malpractice, and Bellaire had failed to comply with medical malpractice statutes, including the statute of limitations. Bellaire responded that an action sounds in medical malpractice only if the person alleging negligent conduct had a professional relationship with the patient. The trial court granted summary disposition under MCR 2.116(C)(7), concluding that Bellaire's action sounded in medical malpractice because it concerned negligence in the course of a professional relationship.

-1-

## II. STANDARDS OF REVIEW

A party is entitled to summary disposition if the plaintiff's claim is barred by a statute of limitations. MCR 2.116(C)(7). This Court reviews de novo a trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Whether a claim sounds in medical malpractice is a question of law that this Court reviews de novo. *Bryant v Oakpointe Villa Nursing Ctr*, 471 Mich 411, 419; 684 NW2d 864 (2004).

## III. ANALYSIS

Bellaire contends that the trial court improperly granted summary disposition because Aylworth never rendered professional health services to Bellaire. We agree.

Generally, the statute of limitations for medical malpractice actions is two years. *Driver v Naini*, 490 Mich 239, 249; 802 NW2d 311 (2011). Further, "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced." MCL 600.2912b(1). If the plaintiff's claim sounds in medical malpractice and he or she did not take the procedural steps necessary to preserve a medical malpractice claim, the statute of limitations bars the claim. *Lockwood v Mobile Med Response, Inc*, 293 Mich App 17, 27; 809 NW2d 403 (2011).

A claim sounds in medical malpractice if the claim (1) occurs within the course of a professional relationship and (2) raises questions involving medical judgment. *Bryant*, 471 Mich at 422. A professional duty exists under the first element if a contractual duty "required that professional . . . to render professional health care services *to the plaintiff*." *Id*. (emphasis added). The *Bryant* Court cited this Court's decision in *Hill v Kokosky*, 186 Mich App 300, 302; 463 NW2d 265 (1990), to support its statement of law. In *Hill*, this Court made clear that for an action to sound in medical malpractice, the parties must have a physician-patient relationship:

> In physician malpractice cases, the duty owed by the physician arises from the physician-patient relationship. Accordingly, a professional physician-patient relationship is a legal prerequisite to basing a cause of action in professional malpractice against a physician. A physician-patient relationship exists where a doctor renders professional services to a person who has contracted for such services. [*Id*. at 302-303 (citations omitted).]

Bellaire's claims in this case are not based on the existence of a physician-patient relationship between Bellaire and Aylworth. Rather, the contract between the parties in this case is an employment contract, and Bellaire's claims are based on an allegation that Aylworth breached that employment contract. Accordingly, this case lacks a contractual relationship that required Aylworth to render medical services to Bellaire, and Aylworth has not established that Bellaire's claims sound in medical malpractice. Given our resolution of this issue, we decline to address whether Aylworth waived her statute of limitations defense by failing to raise it in the first responsible pleading.

We reverse and remand for further proceedings.  As the prevailing party, Bellaire may tax costs.  MCR 7.219(A).  We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Jane M. Beckering