*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SARON E. MARQUARDT, Personal
Representative of the ESTATE OF SANDRA D.
MARQUARDT,

UNPUBLISHED
November 26, 2019

Plaintiff-Appellant,

v

No. 343248
Washtenaw Circuit Court
LC No. 12-000621-NH

VELLAIAH DURAI UMASHANKAR, M.D.,

Defendant-Appellee.

Before: BORRELLO, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff appeals as of right the trial court's order granting summary disposition in defendant's favor following remand from our Supreme Court. For the reasons set forth in this opinion, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Court having been previously presented with this matter, and because certain record evidence is relevant to our disposition of the issues now before us, we reiterate the underlying factual circumstances of plaintiff's medical malpractice claim from our prior decision:

> On July 20, 2007, the decedent, Sandra Marquardt, underwent mitral valve replacement surgery at the University of Michigan Hospital. Plaintiff claims that during the surgery, the deceased was negligently administered the drug Trasylol. On July 20, 2009, a notice of intent (NOI) to file a medical malpractice claim pursuant to MCL 600.2912b was sent. The NOI was addressed to the risk manager of the University of Michigan Health System. In the body of the NOI, plaintiff expressly stated that decedent "Marquardt intends to file suit against Jonathan Haft, M.D., Umashankar Vellaiah, M.D., Ranjiv Saran, M.D., and the University of Michigan Health System, Inc." In January 2010, the decedent filed suit against the University of Michigan Board of Regents, but did not name defendant Umashankar as a defendant. The decedent died on January 27, 2010,

-1-

allegedly as a result of complications resulting from the administration of the Trasylol. Plaintiff was appointed personal representative of the estate, which was substituted as plaintiff.

> Defendant moved for summary disposition on the grounds that plaintiff failed to file her cause of action within the statute of limitations and that she failed to satisfy the notice provision of MCL 600.6431(3). The trial court granted summary disposition in favor of defendant on the ground that plaintiff failed to satisfy the notice provision in MCL 600.6431(3).

This Court affirmed the Court of Claims' dismissal of that claim because plaintiff failed to comply with the notice provision of MCL 600.6431(3).

> Plaintiff served defendant Umashankar with a new NOI on September 2, 2011, and filed suit against him on June 7, 2012. Defendant Umashankar moved for summary disposition, which the trial court granted on the ground that plaintiff's claim against Umashankar was barred by the statute of limitations. On appeal, plaintiff challenges the dismissal, arguing that the statute of limitations tolling provision extended the time period in which she could file suit until January 18, 2010, and that the wrongful-death savings provision in MCL 600.5852 saved the claim until June 14, 2012, because the decedent died within 30 days of the January 18, 2010 expiration of the statute of limitations. [*Marquardt v Umashankar*, unpublished per curiam opinion of the Court of Appeals, issued March 26, 2015 (Docket No. 319615), pp 1-2, vacated 501 Mich 870 (2017) (citations omitted).]

In our prior decision, we affirmed the trial court's summary disposition ruling for essentially three independent reasons. *Id*. at 3-4. Seemingly, our rationale depended on our foundational determination that the two-year limitations period applicable to medical malpractice actions, MCL 600.5805(8),[1] was set to expire (absent tolling) on July 20, 2009 because plaintiff's claim had accrued, pursuant to MCL 600.5838a(1), on July 20, 2007. *Marquardt*, unpub op at 2 & n 2. We noted, however, that the statute of limitations may be "tolled for up to 182 days pursuant to MCL 600.2912b(1), which requires a plaintiff to provide a NOI to file a medical malpractice action and then wait up to 182 days before filing suit." *Marquardt*, unpub op at 2-3, citing MCL 600.5856. We then proceeded to conclude that the initial NOI filed on July 20, 2009, which was the last day of the two-year limitations period, did not serve to toll the period because "the 182 tolling period did not start until July 21, 2009, which was one day *after* the limitations period had expired." *Marquardt*, unpub op at 3. Next, we concluded that the wrongful-death savings provision in MCL 600.5852 did not apply because the limitations period

---

[1] At the time of our previous opinion, this provision was contained in MCL 600.5805(6); the provision has since been moved to Subsection (8) without any change in the language of this provision. See 2018 PA 183.

expired on July 20, 2009, and the decedent's death on January 27, 2010, therefore "did not occur before the period of limitations had run or within 30 days after that date." *Marquardt*, unpub op at 3. Finally, we also concluded that *regardless of the timeliness* of the initial July 20, 2009 NOI, that NOI "did not toll the statute of limitations with regard to defendant Umashankar because it was not directed or addressed to him." *Id*. at 3, 4.

Our opinion was vacated by our Supreme Court in an order that stated as follows:

> By order of November 23, 2016, the application for leave to appeal the March 26, 2015 judgment of the Court of Appeals was held in abeyance pending the decision in *Haksluoto v Mt Clemens Regional Medical Center* (Docket No. 153723). On order of the Court, the case having been decided on June 27, 2017, 500 Mich [304] (2017), the application is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and REMAND this case to the Washtenaw Circuit Court for reconsideration in light of *Haksluoto*. [*Marquardt v Umashankar*, 501 Mich 870 (2017).]

Our Supreme Court's decision in *Haksluoto* directly pertains to the first two grounds on which we had affirmed the trial court's summary disposition ruling. In *Haksluoto*, the Court addressed the question whether the limitations period is tolled when the NOI is filed on the last day of the limitations period, leaving no whole days of the limitations period to toll. *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 307; 901 NW2d 577 (2017). The *Haksluoto* Court concluded "that the limitations period *is* tolled under such circumstances." *Id*. The Court explained its holding as follows:

> We hold, therefore, that applying our common-law jurisprudence of fractional days produces a conclusion that a timely NOI preserves the day the NOI is filed as a day to be used once the limitations period begins running after the notice period ends. Notably, this applies to any NOI that triggers tolling under MCL 600.5856(c), whether filed on the final day of the limitations period or on some earlier day. The rule is that once the notice period ends and the time for the plaintiff to bring a claim once again begins to run, it will run for the number of whole days remaining in the limitations period when the NOI was filed, plus one day to reflect the fractional day remaining when the NOI itself was filed. There is no principled reason to treat the last day differently from any other—the abacus bead does not slide over until the day is over, and that applies with equal force to the ultimate and penultimate days of the limitations period. [*Id*. at 322-323.]

Returning to the instant case, the trial court again granted summary disposition in defendant's favor following our Supreme Court's remand order. The trial court concluded that *Haksluoto* did not govern the outcome of its prior decision. The trial court further concluded that summary disposition in defendant's favor was warranted on reconsideration because there was "no dispute that Plaintiff's NOI sent on July 20, 2009 was directed and addressed only to the risk manager at University of Michigan Health System," the NOI was not addressed or directed to defendant, and the NOI consequently did not toll the statute of limitations with respect to

defendant. In support of its ruling, the trial court adopted this Court's reasoning from our prior opinion with respect this specific issue.

## II. STANDARD OF REVIEW

We review a trial court's summary disposition ruling de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When an action is barred by a statute of limitations, summary disposition is properly granted under MCR 2.116(C)(7). *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 288; 731 NW2d 29 (2007). "When reviewing a motion under MCR 2.117(C)(7), this Court must accept the plaintiff's well-pleaded allegations as true and construe them in the plaintiff's favor." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 307; 559 NW2d 348 (1996). In this context, we accept the contents of the complaint as true "unless contradicted by documentation submitted by the movant." *Maiden*, 461 Mich at 119. "If the facts are not in dispute, whether the statute bars the claim is a question of law for the court." *Sills*, 220 Mich App at 307. Questions of law are also reviewed de novo. *Id*.

## III. ANALYSIS

In this case, the parties agree that plaintiff's claim accrued on July 20, 2007, the date of her surgery. MCL 600.5838a(1). The general limitations period for medical malpractice actions is two years. MCL 600.5805(8). Accordingly, and as the parties agree, the period of limitations for this action was set to expire on July 20, 2009, unless the limitations period was tolled. Plaintiff filed his complaint and initiated this action against defendant on June 7, 2012.

Thus, absent any applicable tolling, the parties also agree that plaintiff failed to file this action before the limitations period expired. On appeal, plaintiff argues the same basic theory that he argued in his prior appeal, contending that this action against defendant was timely filed. Plaintiff's theory begins with the foundational premise that the July 20, 2009 NOI tolled the statute of limitations with respect to defendant. While it seems that this NOI was timely under *Haksluoto*, 500 Mich at 307, 322-323, the holding in that case has no bearing on the question whether the NOI was effective *as to defendant specifically*. The timeliness of the NOI, and its effect with respect to this particular defendant, are two distinct questions.

"MCL 600.2912b(1) requires a claimant to submit an NOI to a potential defendant before commencing a medical malpractice suit. This requirement is mandatory and applies equally to individuals and professional entities, including professional corporations." *Driver v Naini*, 490 Mich 239, 247; 802 NW2d 311 (2011) (citations omitted). Filing an NOI before the limitations period has expired tolls the statute of limitations for the notice period, which may be up to 182 days, "if during that period a claim would be barred by the statute of limitations or repose." MCL 600.5856(c); see also MCL 600.2912b; *Haksluoto*, 500 Mich at 312, 322-323; *Driver*, 490 Mich at 249. But "a medical malpractice plaintiff must provide *every* defendant a timely NOI in order to toll the limitations period applicable to the recipient of the NOI." *Driver*, 490 Mich at 251. "When a claimant files an NOI with time remaining on the applicable statute of limitations, that NOI tolls the statute of limitations for up to 182 days *with regard to the recipients of the NOI*." *Id*. at 249.

In order for plaintiff to prevail, we must find that the July 20, 2009 NOI was effective as to defendant so as to toll the statute of limitations with respect to defendant. We addressed this exact question in our previous opinion. We concur with the trial court that *Haksluoto* has no bearing on this narrow question. We further agree with the trial court that our prior analysis of this particular issue was correct; hence we adopt our prior analysis:

The parties also dispute whether the July 20, 2009, NOI did or would have tolled the statute of limitations with respect to defendant Umashankar at all, regardless of the timeliness. MCL 600.2912b provides in pertinent part as follows:

(1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

(2) The notice of intent to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.

Subsection (1) makes it clear that a plaintiff cannot commence an action unless he or she first gives the party against whom relief is sought (the health professional or health facility) written notice. Subsection (2) makes it clear that the plaintiff can mail the NOI to either the last known professional business address or residential address of the responding party. The parallel construction of the two provisions makes it clear that the written notice in subsection (1) must be sent to subject party of the notice. That is, if the responding party is a health professional, the NOI must be sent to the professional business or residential address of that professional. If neither address "can reasonably be ascertained," then the NOI can be sent to the healthcare facility where the care rendered by that professional was rendered. However, in order to effectuate the required notice, the NOI must be directed to or addressed to the defendant professional to whom the NOI is intended to provide notice.

The July 20, 2009, NOI was addressed and mailed to the risk manager for University of Michigan Health System. Though the body of the NOI indicated the decedent's intent to file suit against Umashankar, "a medical malpractice plaintiff must provide *every* defendant a timely NOI in order to toll the limitations period applicable to the recipient of the NOI . . . ." Our Supreme Court explicitly stated that it has interpreted MCL 600.2912b:

as containing a dual requirement: A plaintiff must (1) submit an NOI to *every* health professional or health facility before filing a complaint and (2) wait the applicable notice waiting period with respect to each defendant before he or she can commence an action.

Accordingly, the NOI did not toll the statute of limitations with regard to defendant Umashankar because it was not directed or addressed to him. [*Marquardt*, unpub op at 3-4 (ellipsis in original), quoting *Driver*, 490 Mich at 251, 255.]

For the reasons stated above, the trial court did not err by granting summary disposition in defendant's favor.

Affirmed. Defendant having prevailed in full, may tax costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto