HOFFMAN v BOONSIRI

Docket No. 292040. Submitted September 8, 2010, at Detroit. Decided
September 14, 2010, at 9:10 a.m.

Corrine A. Hoffman brought a medical-malpractice action in the
Monroe Circuit Court against Manoo Boonsiri, M.D., Manoo
Boonsiri, M.D., P.C., John Doe, M.D., and Mercy Memorial Hospital
System. The malpractice was alleged to have occurred from
February 24 to 27, 2006. Plaintiff sent a notice of intent (NOI) to
bring the action on August 9, 2007. On February 21, 2008, plaintiff
sent a first amended NOI. On June 23, 2008, plaintiff filed her
complaint. Defendants brought motions for summary disposition.
The court, Joseph A. Costello, Jr., J., granted summary disposition
in favor of defendants on the bases that plaintiff failed to file a NOI
in accordance with MCL 600.2912b and the period of limitations
had expired. Plaintiff appealed.

The Court of Appeals held:

1. There is no dispute that the first NOI did not trigger tolling
under MCL 600.5856(c). A second NOI, sent with fewer than 182
days remaining in the limitations period, can initiate tolling under
§ 5856(c) as long as the first NOI did not initiate such tolling. The
first NOI in this action did not trigger tolling, but the filing of the
second NOI did initiate tolling. This case does not implicate the
tacking of successive 182-day periods because the original NOI did
not toll the limitations period. The amended NOI tolled the
limitations period until August 21, 2008.

2. Perfect notice is not required. Deficiencies in the content of
an NOI do not preclude tolling under MCL 600.5856(c).

3. The availability of tolling is not linked to the "waiting" or
"no-suit" period. By providing an initial NOI that did not implicate
tolling together with a second, more-perfect NOI, plaintiff pro-
vided 319 days of notice when the two waiting periods are
aggregated.

4. The pertinent statutes do not indicate that plaintiff's action
is barred under the circumstances of this case. Nothing in the
applicable statutes precludes the aggregation of the no-
suit/waiting periods involved in providing notice. Plaintiff gave

written notice not less than 182 days before she commenced the action. The order granting summary disposition in favor of defendants must be vacated and the case must be remanded to the trial court for further proceedings.

Vacated and remanded.

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.

A medical-malpractice action that is not commenced within the time prescribed by MCL 600.5838a is barred.

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — NOTICES OF INTENT TO SUE.

A second notice of intent to bring a medical malpractice action that is sent with fewer than 182 days remaining in the limitations period can initiate tolling under MCL 600.5856(c) as long as the first notice of intent to sue did not initiate such tolling.

3. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — NOTICES OF INTENT TO SUE — DEFICIENCIES IN NOTICES.

Deficiencies in the content of a notice of intent to bring a medical-malpractice action do not preclude tolling of the applicable statute of limitations under MCL 600.5856(c).

*Mark Granzotto, P.C.* (by *Mark Granzotto*), and Erlich, Rosen & Bartnick, P.C. (by *Jeffrey S. Cook*), for Corrine A. Hoffman.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Noreen L. Slank* and *Geoffrey M. Brown*), for Manoo Boonsiri, M.D., and Manoo Boonsiri, M.D., P.C.

*Kitch Drutchas Wagner Valitutti & Sherbrook* (by *Beth A. Wittman* and *Ellen Keefe Garner*) for Mercy Memorial Hospital System.

Before: TALBOT, P.J., and METER and DONOFRIO, JJ.

DONOFRIO, J. In this medical-malpractice action, plaintiff appeals as of right an order granting defendants summary disposition pursuant to MCR 2.116(C)(7) on the bases that plaintiff failed to file a notice of intent (NOI) in

accordance with MCL 600.2912b and the period of limitations had expired. The issue on appeal involves the timing of plaintiff's notices of intent and the filing of plaintiff's complaint. Because perfect notice is not required, any subsequent amended NOI filings can be aggregated with the original NOI, and plaintiff gave written notice not less than 182 days before she commenced the action, we vacate the trial court's order granting defendants' motions for summary disposition and remand for further proceedings.

I

The pertinent facts relevant to this appeal are not in dispute. Plaintiff's complaint alleges that she went to a hospital of defendant Mercy Memorial Hospital System (Mercy Hospital) because of problems with an arteriovenous fistula. Defendant Dr. Manoo Boonsiri performed surgery on February 24, 2006. While plaintiff was at Mercy Hospital, she suffered severe ischemic changes to her left hand and arm that went untreated until she was transferred to another hospital. She underwent emergency surgery, which was unsuccessful because of the delay, and now has permanent injury to her left upper extremity. The only issue on appeal involves the timing of plaintiff's notices of intent and the filing of plaintiff's complaint. The relevant dates are as follows:

February 24 to 27, 2006 = Dates of alleged malpractice
August 9, 2007 = NOI sent
February 21, 2008 = First amended NOI sent
June 23, 2008 = Complaint filed

The timing of these actions implicates plaintiff's ability to comply with both the two-year statutory limitations period and the notice waiting period. Plaintiff filed her complaint more than two years after the

alleged malpractice. Therefore, for the action to be considered timely, plaintiff must be able to obtain the benefit of the tolling of the limitations period afforded by the filing of the amended NOI. With respect to the amended NOI, however, the complaint was arguably filed prematurely because the 182-day notice waiting period had not expired. Thus, for purposes of complying with the required waiting period, plaintiff relies on the original NOI. In response, defendants argue that because plaintiff did not wait the requisite period after filing the amended NOI, she is not entitled to the tolling that would otherwise result from an amended NOI.

In the trial court, defendants[1] moved for summary disposition pursuant to MCR 2.116(C)(7), asserting that plaintiff's complaint was filed only 123 days after she sent the amended NOI. MCL 600.2912b(1) provides that a person shall not commence an action alleging medical malpractice unless the person has given written notice "not less than 182 days before the action is commenced." Citing *Burton v Reed City Hosp Corp*, 471 Mich 745; 691 NW2d 424 (2005), defendants argued that the prematurely filed complaint was insufficient to commence a cause of action. Defendants contended that the 182-day tolling of the limitations period that resulted from the filing of the amended NOI ended, at the latest, on August 27, 2008. According to defendants, because plaintiff failed to timely commence an action before the expiration of the limitations period, plaintiff's claims were barred and defendants were entitled to summary disposition pursuant to MCR 2.116(C)(7).

---

[1] Defendants' first motion for summary disposition was filed on behalf of all the defendants. Mercy Hospital filed an amended motion that raised the same arguments. Defendants Manoo Boonsiri, M.D., and Manoo Boonsiri, M.D., P.C. (the Boonsiri defendants), filed a separate motion that raised the same arguments.

In response, plaintiff contended that she complied with MCL 600.2912b(1) because she filed the complaint 319 days after she sent the original NOI, far exceeding the 182-day requirement. She contended that the amended NOI tolled the limitations period and that the complaint was filed before the limitations period expired. The Boonsiri defendants countered that although plaintiff had not added a new defendant in the amended NOI, she had added new allegations and "when you add new allegations we're entitled to another 182 days to investigate those allegations." They maintained that although *Mayberry v Gen Orthopedics, PC*, 474 Mich 1; 704 NW2d 69 (2005), did not address the situation, the case illustrated that when a second NOI is filed, a new waiting period is applied.

After entertaining oral argument on the motions, the trial court took the matter under advisement and issued a written opinion that incorporated a separate memorandum of law. The trial court stated that *Mayberry*, 474 Mich at 9-10, indicated that tolling from a second NOI only applied if the notice otherwise complied with the requirements of MCL 600.2912b. The trial court concluded that there was "no legal basis for Plaintiff's belief that when filing a second NOI the statutory requirements do not have to be followed." The trial court then compared the original and the amended NOI and noted plaintiff's contention that they were essentially the same:

> Whether or not this is true, unfortunately, the first NOI had already expired, and under the application of the *Mayberry* case, the second NOI could not be used to give the Plaintiff the ability to tack an additional or successive 182 days so as to '[enjoy] the benefit of multiple tolling periods'. *Mayberry, supra* at 6, 7 and 10; MCL 600.2912b(6).

Accordingly, the trial court granted defendants' motions for summary disposition pursuant to MCR 2.116(C)(7). Plaintiff now appeals as of right.

II

This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7) (claim is barred by statute of limitations). *DiPonio Constr Co, Inc v Rosati Masonry Co, Inc*, 246 Mich App 43, 46-47; 631 NW2d 59 (2001). When reviewing a motion for summary disposition under MCR 2.116(C)(7), the trial court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could provide a basis for recovery. *Amburgey v Sauder*, 238 Mich App 228, 231; 605 NW2d 84 (1999). Further, we review de novo a question of statutory interpretation. *Bush v Shabahang*, 484 Mich 156, 164; 772 NW2d 272 (2009).

III

On appeal, plaintiff argues that the trial court erred by concluding that defendants were entitled to summary disposition on the ground that plaintiff failed to comply with the mandatory waiting period provided in MCL 600.2912b. Plaintiff contends that her complaint was prematurely filed if the waiting period is measured from the time that the amended NOI was filed, but not if the period is measured from the mailing of the original NOI. Plaintiff further maintains that MCL 600.2912b(1) requires a plaintiff to give written notice not less than 182 days before the action is commenced, and because she mailed the first NOI 319 days before she filed the complaint, she fully complied with MCL 600.2912b(1).

A medical-malpractice action that is not commenced within the time prescribed by MCL 600.5838a is barred. MCL 600.5838a(2). In the present case, there is no dispute that the two-year period in MCL 600.5805(6) is applicable:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued . . . the action is commenced within the periods of time prescribed by this section.
>
> * * *
>
> (6) . . . [T]he period of limitations is 2 years for an action charging malpractice. [MCL 600.5805(1) and (6).]

Because plaintiff did not file a complaint within two years after the claim accrued she relies on the tolling of the statute of limitations provided in MCL 600.5856(c). MCL 600.5856(c) states as follows:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> * * *
>
> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

Before it was amended by 2004 PA 87, effective April 22, 2004, MCL 600.5856 provided, in pertinent part:

> The statutes of limitations or repose are tolled:
>
> * * *

(d) If, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.

The referenced section, MCL 600.2912b, governs the written notice of intent to file a claim. The statute sets forth requirements with respect to the timing of the notice and its content. MCL 600.2912b(1) states:

Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182[2] days before the action is commenced.

Although the language of the preamendment version of MCL 600.5856(d) is very similar to the current version of MCL 600.5856(c), in *Bush*, 484 Mich at 169, our Supreme Court explained that the change clarified the focus of the operative language: "Thus, pursuant to the clear language of § 2912b and the new § 5856(c), if a plaintiff complies with the applicable notice period before commencing a medical malpractice action, the statute of limitations is tolled."

The effect of a potential plaintiff's failure to comply with the applicable notice period was addressed in *Burton*, 471 Mich 745. The *Burton* Court compared the prohibition in MCL 600.2912b(1) ("a person shall not commence an action . . . unless . . .") to the directive in MCL 600.2912d(1) that requires an affidavit of merit to be filed with a complaint. According to the Court, just as a complaint without an affidavit of merit is insufficient to commence a suit, *Scarsella v Pollak*, 461 Mich 547,

---

[2] A claimant may file an action after a lesser time under certain circumstances that are not at issue in this matter.

549; 607 NW2d 711 (2000), the filing of a complaint before the expiration of the notice period is not effective to commence an action. *Burton*, 471 Mich at 753-754. "In each instance, the failure to comply with the statutory requirement renders the complaint insufficient to commence the action." *Id.* at 754. We note that in *Burton*, the plaintiff only provided a total of 115 days of notice before filing his complaint. *Id.* at 748.

In *Ellout v Detroit Med Ctr*, 285 Mich App 695, 698; 777 NW2d 199 (2009), this Court stated that "[t]he law is abundantly clear that where a plaintiff has failed to comply with [MCL 600.2912b] by prematurely filing suit, the appropriate remedy is dismissal without prejudice." When a case is dismissed for noncompliance with the notice provisions of MCL 600.2912b, the plaintiff must still comply with the applicable statute of limitations. *Burton*, 471 Mich at 753.

Caselaw interpreting former MCL 600.5856(d) indicated that the tolling from the filing of an NOI applied only when the limitations period would otherwise expire during the notice period. In *Omelenchuk*, 461 Mich at 574, our Supreme Court concluded that the phrase "[i]f, during the applicable notice period under [MCL 600.2912b], a claim would be barred by the statute of limitations or repose" in former MCL 600.5856(d) indicated that former MCL 600.5856(d) was not applicable if the interval during which a potential plaintiff was not allowed to sue ended before the limitations period expired. The current version of MCL 600.5856(c) states, in part, that the statutes of limitations or repose are tolled "[a]t the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose . . . ." The current version essentially reordered the pertinent phrases from

the former version. Therefore, we conclude that this particular holding in *Omelenchuk* is still valid.

MCL 600.2912b(6) addresses subsequent notices and provides:

> After the initial notice is given to a health professional or health facility under this section, the tacking or addition of successive 182-day periods is not allowed, irrespective of how many additional notices are subsequently filed for that claim and irrespective of the number of health professionals or health facilities notified.

However, as long as an initial notice did not toll the limitations period, the tolling triggered by a second notice does not violate MCL 600.2912b(6). In *Mayberry*, 474 Mich at 3, the Court stated: "We conclude that a second notice of intent to sue, sent with fewer than 182 days remaining in the limitations period, can initiate tolling under § 5856(d) as long as the first notice of intent to sue did not initiate such tolling."

Here, the parties do not dispute that the first NOI did not trigger tolling under MCL 600.5856(c). With respect to the original notice, the interval during which plaintiff was not allowed to sue ended on February 5, 2008. The claim would not have been barred by the statute of limitations until February 24 to 27, 2008. Therefore, MCL 600.5856(c) was not applicable with respect to the original notice. Although plaintiff's first notice of intent did not trigger tolling, the filing of the second notice did initiate tolling. *Mayberry*, 474 Mich at 3.

At this point, a flaw in the trial court's analysis is apparent. The trial court stated: "[U]nder the application of the *Mayberry* case, the second NOI could not be used to give the Plaintiff the ability to tack an additional or successive 182 days so as to '[enjoy] the benefit of multiple tolling periods'. *Mayberry, supra* at 6, 7 and 10; MCL 600.2912b(6)." This case, like *Mayberry*, does

not implicate the tacking of successive 182-day periods because the original NOI did not toll the limitations period. Defendants did not contend that tolling from the second NOI would violate the prohibition on tacking. On appeal, Mercy Hospital acknowledges that the amended NOI tolled the limitations period until August 21, 2008. The Boonsiri defendants acknowledge that the first NOI did not trigger tolling under MCL 600.5856(c). Thus, it appears that the trial court may have misunderstood their argument as well as the holding of *Mayberry*.

Defendants also argue that plaintiff's complaint was filed prematurely, i.e., in violation of MCL 600.2912b, and therefore, according to *Burton*, 471 Mich 745, the complaint was ineffective to commence an action, and the period of limitations, as extended by the tolling from the amended notice, expired no later than August 27, 2008. Plaintiff asserts that she complied with the "literal requirements of § 2912b(1)" because by filing the original NOI, she gave defendants "written notice under this section not less than 182 days before the action [was] commenced." Plaintiff claims that this approach is consistent with the purpose of the mandatory waiting period. Plaintiff contends that defendants had 319 days after the original notice was sent, much more than the minimum amount of time provided by the statute, to resolve the case.

Defendant Mercy Hospital responds specifically that "the difficulty with plaintiff's argument is that plaintiff relied upon the amended notice of intent to toll the limitations period and render her complaint timely. Plaintiff should not be allowed the benefit of tolling by the amended notice of intent, while disregarding the requisite waiting period applicable to the latter notice of intent." The Boonsiri defendants similarly argue:

"Plaintiff offers no authority for her assertion that she can have the benefit of NOI tolling under MCL 600.5856(c) and *Mayberry*, without having to undertake the burden of waiting 182 (or at least 154) days to file her complaint."

Absent some basis in the statutory language, defendants' contention that the "benefit" of tolling should only be available in conjunction with the "burden" of the waiting period is essentially an attempt to invoke a concept of fairness as a basis for dismissal. But, to the extent that fairness is a relevant consideration, it clearly favors plaintiff's position. "The stated purpose of § 2912b was to provide a mechanism for 'promoting settlement without the need for formal litigation, reducing the cost of medical malpractice litigation, and providing compensation for meritorious medical malpractice claims that would otherwise be precluded from recovery because of litigation costs . . . .' " *Bush,* 484 Mich at 174, quoting Senate Legislative Analysis, SB 270, August 11, 1993; House Legislative Analysis, HB 4403-4406, March 22, 1993. Furthermore, "[t]he Legislature surely did not intend its tolling provision as a trap for the unwary . . . ." *Omelenchuk,* 461 Mich at 576 n 19. Plaintiff sent defendants notice of her intent to file a claim on August 9, 2007. Thus, she could have filed the complaint as early as February 5, 2008. She filed it on June 23, 2008. The timing of the original NOI and the complaint afforded the parties ample opportunity to examine and settle the claim without formal litigation.

Mercy Hospital argues that dismissal of the entire action is appropriate because it only had 123 days of notice with respect to the additional allegations in the amended NOI and the complaint. Mercy Hospital does not tie this argument to pertinent statutes. The original

NOI and the amended NOI include eight identical subparagraphs identifying the standard of care. These include giving "proper post operative orders . . . to the nursing staff and resident physicians regarding contacting the attending physician surgeon immediately upon observing signs and symptoms of ischemic changes . . . ." The amended NOI added the following:

> The standard of care for a surgeon faced with a patient with a failed AV fistula after recent surgery is to do the following:
>
>        \*   \*   \*
>
> i. That contact must be made via post operative rounds and direct communication with the nursing staff and resident physicians regarding the patient's post operative condition every six to eight hours until the patient is ready for discharge to ensure that proper blood flow has returned to the affected extremity and to ensure that if blood flow is compromised that the attending surgeon timely diagnose and treat the condition prior to permanent damage occurring.

The amended NOI added that Dr. Boonsiri breached the standard of care by

> failing to either personally see the claimant every six to eight hours post operatively and/or failing to keep in contact with the nursing staff and the resident physician every six to eight hours to assess the condition of claimant's blood flow to her extremity following her surgery.

To the extent that we may analyze Mercy Hospital's argument in terms of the applicable statutes, the argument is essentially that plaintiff's original NOI was inadequate to satisfy the requirement in MCL 600.2912b(1) that she provide "written notice under this section" because it did not contain all the information that was later included in the complaint. The

absence of these allegations in the original NOI could be viewed as a deficiency in its content. But deficiencies in the content of an NOI do not preclude tolling under MCL 600.5856(c). *Bush*, 484 Mich at 161, 170 n 26.[3] In other words, perfect notice is not required. Therefore, Mercy Hospital's argument that the purported deficiency in notice with respect to the additional allegations warrants dismissal is without merit.

The Boonsiri defendants attempt to support their position with the language of MCL 600.5856(c), which they claim indicates that tolling only exists if a waiting period also exists. The Boonsiri defendants specifically argue in their brief on appeal:

> The language of MCL 600.5856(c) expressly ties the availability of tolling to the existence of the waiting period:
>
> "The statutes of limitations or repose are tolled in any of the following circumstances:
>
> $*$　$*$　$*$
>
> "(c) At the time notice is given in compliance with the applicable notice period under section 2912b, if *during that period* a claim would be barred by the statute of limitations or repose; but in this case, *the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period* after the date notice is given. [MCL 600.5856(c) (emphasis added).]"
>
> The import of this language is clear: tolling only exists because, and if, a waiting period exists. Hoffman argues, essentially, that there was no waiting period triggered by the service of her amended NOI. If this is true, however, it would mean that no tolling period was triggered, either,

---

[3] "Our analysis today explains that the Legislature has made it clear that a defective NOI does not preclude tolling of the statute of limitations for cases brought under [MCL 600.5856(c)]." *Bush*, 484 Mich at 170 n 26.

since there is no "applicable notice period" to activate tolling under MCL 600.5856(c).

Thus, the Boonsiri defendants' view links the availability of tolling to the waiting period applicable in the specific case. According to their view, where there is no applicable waiting period for the second notice, there can be no tolling.

However, the Boonsiri defendants' view is incompatible with *Omelenchuk*, 461 Mich at 574-575, which addressed the meaning of "applicable period" in former MCL 600.5856(d). The *Omelenchuk* Court held that the reference to " 'a number of days equal to the number of days in the applicable notice period' " was 182 days, "a set period defined in the statute . . . ." *Omelenchuk*, 461 Mich at 574-575. The *Omelenchuk* Court considered and rejected an interpretation that the " 'applicable notice period' " is equal to the " 'no-suit' period," *id*. at 575, which the Boonsiri defendants refer to as "the waiting period."

Both this Court and our Supreme Court have reaffirmed this aspect of *Omelenchuk* in decisions addressing the current version of MCL 600.5856. In *Bush*, 484 Mich at 181 n 46, the Court stated, "We note that our holding today does not conflict with *Omelenchuk v City of Warren*, 461 Mich 567, 575; 609 NW2d 177 (2000) (holding that the statute of limitations remains tolled for the full 182 days even if the plaintiff takes advantage of the shortened waiting period)." In *Vanslembrouck v Halperin*, 277 Mich App 558, 572; 747 NW2d 311 (2008), this Court stated:

> According to defendants, the Legislature's act of amending and recodifying the former MCL 600.5856(d) at MCL 600.5856(c) was "to counter the *Omelenchuk* [C]ourt's monolithic application of 182 days of notice of intent tolling." However, like former MCL 600.5856(d), MCL

600.5856(c) links the tolling period to the applicable notice period. *Omelenchuk, supra,* 461 Mich at 575. MCL 600.5856(c) states: "[T]he statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period . . . ." Thus, like former MCL 600.5856(d), MCL 600.5856(c) does not link the tolling period to the period in which the claimant may not file suit. *Id.*

In light of the interpretation of "applicable notice period" in *Omelenchuk,* 461 Mich at 575, as reaffirmed in recent decisions, we reject the Boonsiri defendants' contention that the availability of tolling is linked to the "waiting" or "no-suit" period.

Defendants contend that *Mayberry,* 474 Mich 1, illustrates that after filing an amended NOI, plaintiff was required to wait before filing her complaint. In *Mayberry,* 474 Mich at 4, the pertinent events were as follows:

November 22, 1999 = Date of alleged malpractice

June 21, 2000 = NOI sent to Dr. William Kohen

October 12, 2001 = Second NOI sent to Dr. Kohen (with additional allegations) and to his professional corporation

March 19, 2002 = Complaint filed

As in the present case, the first NOI did not trigger tolling under MCL 600.5856(c) because it was filed more than 182 days before the limitations period would have expired. The principal holding of *Mayberry* was that because the original NOI did not trigger tolling, the second NOI was eligible to initiate tolling. *Mayberry,* 474 Mich at 2-3. The decision did not address the timing of the filing of the complaint, except in a footnote:

> Plaintiffs asserted in the trial court that they were obligated to wait only 154 days before bringing suit, as

opposed to 182 days, because defendants failed to respond to the notice of intent to sue. See MCL 600.2912d(8). Defendants have not challenged plaintiffs' assertion in this Court, and we do not address this issue, which was not raised on appeal. [*Id.* at 4 n 3.]

Mercy Hospital contends, "It is evident, however, that the *Mayberry* plaintiffs were cognizant of the fact that they were required to wait either the 154-day or the 182-day waiting period after sending the second notice of intent before filing their complaint."

*Mayberry* is not instructive on this point. The Court declined to address the issue. Even if one could assume from the timing of the plaintiffs' filing of the complaint how the plaintiffs' counsel interpreted the pertinent statutes, that a particular medical-malpractice litigator was "cognizant" of an interpretation that required a delay in filing the complaint is of negligible persuasive value in determining the correct outcome in this case. Indeed, what the *Mayberry* plaintiffs thought—if in fact that is what they thought—does not make it so.

Additionally, our resolution does not conflict with *Burton*. In *Burton*, the plaintiff only waited 115 days before commencing his lawsuit. *Burton* did not deal with a situation such as the one in the present case where plaintiff provided the same defendants multiple notices, in essence making the NOI more perfect. Here, by providing an initial NOI that did not implicate tolling together with a second "more perfect" NOI, plaintiff provided 319 days of notice when the two waiting periods are aggregated. *Burton* is neither applicable nor instructive under these facts.

IV

In sum, we conclude that the pertinent statutes do not indicate that plaintiff's action is barred under the

circumstances of this case.[4] In fact, no statute prohibits plaintiff's procedural handling of the litigation and we cannot discern any violation of the policy evinced by the stated statutes. Nothing in the applicable statutes precludes the aggregation of the no-suit/waiting periods involved in providing notice. Therefore, defendants' contention that the filing of plaintiff's complaint did not commence the action because she did not comply with MCL 600.2912b(1) is rejected. Plaintiff gave written notice not less than 182 days before she commenced the action.

Vacated and remanded. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219. We do not retain jurisdiction.

---

[4] While plaintiff has raised alternative arguments in favor of reversal, these arguments do not require our attention in light of our determination of the principal issue.