# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES WADE,

       Plaintiff-Appellant,

v

WILLIAM MCCADIE, D.O. and ST. JOSEPH
HEALTH SYSTEM, INC. d/b/a HALE ST.
JOSEPH MEDICAL CLINIC,

       Defendants-Appellees.

UNPUBLISHED
January 29, 2015

No. 317531
Iosco Circuit Court
LC No. 13-007515-NH

Before: K. F. KELLY, P.J., and SAWYER and METER, JJ.

METER, J. (*dissenting*).

I respectfully dissent and would affirm.

Plaintiff alleged that following medical examinations in February 2012, he was advised by his treating doctors that he was suffering from renal failure as a result of poorly controlled hypertension. According to plaintiff, defendant William McCadie, D.O., his regular doctor, breached his duty of care over a prolonged period by failing to properly manage and treat his hypertension, leading to plaintiff's renal failure. Plaintiff admits that his claim accrued on April 21 or 25, 2011, the date when McCadie should have first been aware of plaintiff's renal dysfunction.

Plaintiff asserts that he first requested medical records from defendants on April 2, 2012, and defendants assert that they mailed him all the medical records in their possession and control in April 2011. Plaintiff does not dispute that he received medical records pertaining to 1979 to 2012, but contends that the records received did not include his billing records and laboratory-test results from before March 13, 1992.

On August 21, 2012, plaintiff's counsel mailed his notice of intent to file suit and requested access to all plaintiff's medical records within defendants' control, including billing and payment records, within 56 days as provided by MCL 600.2912b(5). Referencing many of

-1-

the medical records that had been provided to date,[1] plaintiff's counsel described in detail McCadie's failure to control plaintiff's blood pressure and creatinine levels, asserting that plaintiff's acute and prolonged hypertension began in 2008 and that McCadie failed at that time to refer plaintiff to a specialist. Further, plaintiff's counsel noted that McCadie ignored "ominous" laboratory results in 2011, when it was clear that plaintiff was suffering from significant renal dysfunction. It is undisputed that no additional records were provided to plaintiff within 56 days after defendants received plaintiff's notice of intent to sue.

Plaintiff filed his complaint on February 22, 2013, and six days later submitted a request for production of documents, including all medical and billing records in defendants' control. On May 15, 2013, defendants' counsel sent a letter to plaintiff's counsel, stating that plaintiff's laboratory results from before 1992 had been destroyed in accordance with the Michigan Public Health Code, MCL 333.1101 *et seq.*, which only required that such records be retained for seven years.

On May 7, 2013, defendants filed a motion for summary disposition under MCR 2.116(C)(7), arguing that plaintiff failed to provide an affidavit of merit with his complaint as required by MCL 600.2912d. On May 24,[2] 2013, plaintiff filed an affidavit of merit signed by Richard Stern, M.D., who opined—based on a review of plaintiff's medical records—that McCadie's negligent acts and omissions were the direct and proximate cause of plaintiff's acute renal failure in February 2012. Plaintiff argued that he was permitted to file the affidavit of merit within 91 days of the complaint under MCL 600.2912d(3) because defendants failed to provide him with his complete medical records as they were required to do under MCL 600.2912b(5). Defendants replied that they had already mailed plaintiff's counsel all plaintiff's medical records within their control, which is all that was required of them under MCL 600.2912b(5). Defendants also argued that medical records between 1979 and 1992 were not related to plaintiff's malpractice claim and that plaintiff timely received enough records to file an affidavit of merit. Following a hearing, the trial court granted defendants' motion on the basis that plaintiff failed to show that defendant did not comply with MCL 600.2912b(5), especially considering that defendants were permitted to destroy certain of his records by law.

Plaintiff now argues that the court erred in granting the motion for summary disposition. This Court reviews de novo the trial court's decision to grant or deny a motion for summary disposition. See *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012). "When reviewing a motion for summary disposition under MCR 2.116(C)(7), the trial court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could provide a basis for recovery." *Hoffman v Boonsiri*, 290 Mich App 34, 39; 801 NW2d 385 (2010). In the absence of

---

[1] They included the following: blood-pressure readings from 1991 through 2011; plaintiff's creatinine levels between 1992 and 2000, and 2008 to 2009; prescriptions for medication from 1992 and 1993; and McCadie's notes through 2012.

[2] The record suggests that this document was filed on May 28, but defendants do not dispute the May 24 date for purposes of appeal.

disputed facts, whether a plaintiff's claim is barred by a statute of limitations is a question of law for a court to decide. See *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 230; 561 NW2d 843 (1997).

Under MCL 600.5805(6), a plaintiff bringing an "action charging malpractice" must commence the action within two years after the claim first accrued. Plaintiff admitted below (and does not now contest) that his claim accrued on April 21 or 25, 2011, such that the two-year period of limitations was set to expire on April 21 or 25, 2013.

Additionally, MCL 600.2912d(1) provides that a plaintiff bringing a malpractice action must file with the complaint an "affidavit of merit," in which a health professional certifies, based on a review of the medical records supplied, that the defendant breached the duty of care to the plaintiff and caused the plaintiff to suffer an injury. "[W]hen a plaintiff wholly omits to file the affidavit required by MCL 600.2912d(1), the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation." *Ligons v Crittenton Hosp*, 490 Mich 61, 73; 803 NW2d 271 (2011) (citations and internal quotation marks omitted). "When the untolled period of limitations expires before the plaintiff files a complaint accompanied by an [affidavit of merit], the case must be dismissed with prejudice on statute-of-limitations grounds." *Id*.

There are two exceptions to the requirement in MCL 600.2912d(1) that the affidavit of merit be filed with the complaint. Under MCL 600.2912d(2), a court may, upon motion and for good cause shown, permit a plaintiff to file an affidavit of merit within 28 days after the filing of the complaint. Under MCL 600.2912d(3), an affidavit of merit may be filed within 91 days after the filing of the complaint "[i]f the defendant . . . fails to allow access to medical records within the time period set forth in" MCL 600.2912b(5).[3] MCL 600.2912b(5) gives a defendant 56 days from their receipt of the plaintiff's notice of intent to sue in which to give the plaintiff access to "all medical records related to the claim that are in the control of the health professional or health facility."

Here, it is undisputed that plaintiff did not file an affidavit of merit with his complaint and that he did not file a motion seeking an additional 28 days under MCL 600.2912d(2). What plaintiff argues is that his claim is not time-barred under MCL 600.5805(6) because defendants failed to provide him access to all his medical records within 56 days of receiving his notice of intent to sue, such that his May 24, 2013, affidavit of merit was timely filed within 91 days of his February 22, 2013, complaint under MCL 600.2912d(3).

As the Michigan Supreme Court stated in *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002):

> When interpreting statutory language, our obligation is to ascertain the legislative intent that may reasonably be inferred from the words expressed in the

---

[3] The parties do not dispute that MCL 600.2912d(3) mistakenly refers to MCL 600.2912b(6) instead of § 2912b(5).

statute. When the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself, and judicial construction is not permitted. Because the proper role of the judiciary is to interpret and not write the law, courts simply lack authority to venture beyond the unambiguous text of a statute. [Citations omitted.]

Further, "the provisions of a statute should be read reasonably and in context." *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012).

In my opinion, plaintiff misreads the plain language of MCL 600.2912d(3). Notably, the statute does not permit a 91-day extension for filing an affidavit of merit where a defendant fails to give the plaintiff access to *all* medical records. Rather, MCL 600.2912d(3) speaks only of the failure to "allow access to medical records," and it only references MCL 600.2912b(5) to the extent of invoking "the time period set forth" therein. Thus, even assuming, for purposes of argument, that defendant violated MCL 600.2912(5) by failing to provide *all* medical records related to the claim, the plain language of MCL 600.2912d(3) does not support the conclusion that such a violation must automatically result in a 91-day extension for filing an affidavit of merit. Moreover, such an interpretation would be unreasonable when read in context with the remainder of MCL 600.2912d. MCL 600.2912d(1) establishes the duty to file an affidavit of merit with the complaint and lists the required contents of the affidavit. Accordingly, it stands to reason that the Legislature intended MCL 600.2912d(3) to provide an exception to the requirement that the affidavit be filed with the complaint in cases where the plaintiff has not been given access to the documents *necessary to prepare an effective affidavit*. In other words, it is unreasonable to apply the 91-day extension under MCL 600.2912d(3) where the defendant has timely given the plaintiff access to medical records sufficient to execute a proper affidavit of merit, even though other records may be outstanding.

Here, plaintiff was able to submit an affidavit of merit using the medical records defendants provided him before he delivered his notice of intent to sue, which began the 56-day period under MCL 600.2912b(5). Accordingly, in my opinion, plaintiff was not entitled to a 91-day extension under MCL 600.2912d(3), and the trial court properly dismissed his claim as time-barred.

I would affirm.

/s/ Patrick M. Meter