# STATE OF MICHIGAN

# COURT OF APPEALS

SURE WORK, LLC,

       Plaintiff-Appellant,

v

JEFFREY CRAWFORD and JOSEPHINE CRAWFORD,

       Defendants-Appellees.

UNPUBLISHED
July 12, 2018

No. 339280
Oakland Circuit Court
LC No. 2017-156878-CZ

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

In this contract action, plaintiff appeals as of right the trial court's order granting summary disposition to defendants. We vacate and remand to the trial court for further proceedings consistent with this opinion.

On May 27, 2014, the parties contracted for plaintiff to remodel defendants' basement. After plaintiff completed the work, a disagreement between the parties ensued related to plaintiff's workmanship and licensing. On January 29, 2015, defendant Jeffrey Crawford filed a complaint with the State of Michigan Department of Licensing and Regulatory Affairs (LARA), alleging various violations related to plaintiff's workmanship and failure to follow relevant permitting and licensing requirements. On April 28, 2015, plaintiff filed a complaint in the trial court, alleging breach of contract. The trial court dismissed that case without prejudice under MCR 2.116(C)(6) "pursuant to the doctrine of primary jurisdiction." The trial court reasoned that "[t]he issues in the administrative complaint [with LARA] and those raised in this action fall within the agency's specialized knowledge and the Court would interfere with the uniform resolution of similar issues and upset the regulatory scheme of the agency by deciding this case before a determination is made by the agency."

On March 8, 2016, LARA and plaintiff entered into a consent order and stipulation, which fined plaintiff $5,000 for violating a rule of conduct of an occupation, MCL 339.604(c).

-1-

On January 17, 2017, plaintiff filed a second complaint with the trial court, again alleging breach of contract.[1] In lieu of filing an answer, defendants filed a motion for summary disposition under MCR 2.116(C)(7). Relevant to this appeal, defendants argued that plaintiff's stipulations in its consent order with LARA collaterally estopped it from contesting the workmanship issue of the complaint. Specifically, defendants contended that by stipulating to violating MCL 339.604(c), plaintiff had conceded that it failed to comply with the relevant building code. Defendants concluded that, because the workmanship issue was an element of plaintiff's claim and the issue was decided by the consent order, plaintiff's claim was barred by collateral estoppel.

Without oral argument, the trial court issued an order and opinion granting defendants' motion for summary disposition. The trial court stated that the present lawsuit was "identical" to the prior action and concluded as follows:

> Plaintiff's stipulation to its violation of MCL 339.604(c) provides collateral estoppel effect to the administrative order. The administrative consent order affirmatively incorporates as true the allegations contained in the Formal Complaint, that Plaintiff failed to obtain a building permit, electrical permit or mechanical permit prior to construction, failed to obtain required inspections, failed to install fire blocking, under-stair protection and proper vapor retarder. Plaintiff's failure to complete the remodeling of Defendants['] basement in a workmanlike manner was conclusively established in the administrative consent order. Completion of the remodeling contract in a workmanlike manner is a pre-requisite for obtaining any relief sought in Plaintiff's Complaint.

On appeal, plaintiff argues that collateral estoppel was inapplicable in this case and the trial court erred by granting defendants' motion for summary disposition. We agree.

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). We also review de novo a trial court's decision regarding the applicability of the principle of collateral estoppel. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008), vacated in part on other grounds 481 Mich 573 (2008).

Defendants brought the motion for summary disposition under MCR 2.116(C)(7). Collateral estoppel is basis for summary disposition under this rule. *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 246; 590 NW2d 586 (1998). A motion pursuant to MCR 2.116(C)(7) may be supported by affidavits, depositions, admissions, or other documentary evidence so long as the evidence would be admissible at trial. *Maiden*, 461 Mich at 119. "[T]he trial court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could

---

[1] Plaintiff also made various other allegations, all stemming from defendants' alleged breach of the parties' contract.

provide a basis for recovery." *Hoffman v Boonsiri*, 290 Mich App 34, 39; 801 NW2d 385 (2010).

"Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006). "In the subsequent action, the ultimate issue to be concluded must be the same as that involved in the first action," and that issue "must have been both actually and necessarily litigated." *Rental Properties Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 529; 866 NW2d 817 (2014). "To be actually litigated, a question must be put into issue by the pleadings, submitted to the trier of fact, and determined by the trier." *Id.*

In this case, the trial court applied the doctrine of collateral estoppel to a consent judgment. In *Rzepka v Michael*, 171 Mich App 748, 756; 431 NW2d 441 (1988), this Court stated, "Because claims are settled rather than actually adjudicated in a consent judgment, the doctrine of collateral estoppel does not apply to such judgments." In *Van Pembrook v Zero Mfg Co*, 146 Mich App 87, 102-103; 380 NW2d 60 (1985), this Court explained in detail why "collateral estoppel may not be applied to consent judgments in Michigan," stating:

> First, collateral estoppel rules do not require that a consent judgment bind a party to facts which were originally in issue in the action that was settled. A consent judgment reflects primarily the agreement of the parties. The action of the trial judge in signing a judgment based thereon is ministerial only. The parties have not litigated the matters put in issue, they have settled. The trial judge has not determined the matters put in issue, he has merely put his stamp of approval on the parties' agreement disposing of those matters. But a judgment can be given collateral estoppel effect only as to those issues which were actually and necessarily adjudicated. It follows that because the issues involved in the settled case were not actually adjudicated, one of the prerequisites to giving a judgment collateral estoppel effect is not satisfied. Thus, the answer to the question posed above is: Nothing is adjudicated between two parties to a consent judgment. [Quotation marks and citations omitted].

We agree with the reasoning from *Rzepka* and *Van Pembrook*, and conclude that collateral estoppel did not apply to plaintiff's consent judgment with LARA. In entering the consent judgment with LARA, plaintiff did not "actually and necessarily" litigate any issues because no issues were "submitted to" or "determined by" a trier of fact. *Rental Properties Owners*, 308 Mich App at 529; see also *People v Zitka*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket Nos. 338064; 338065); slip op at 4 (concluding that a consent judgment in a civil case did not bar prosecution of a criminal case under collateral estoppel because, in part, "no issue in the civil litigation was submitted to or determined by the factfinder"). Instead, the consent judgment was an agreement between the parties, and the issues relevant to that agreement were never adjudicated. See *Van Pembrook*, 146 Mich App at 103; see also *Zitka*, ___ Mich App at ___; slip op at 4 (concluding that the parties to the consent judgment "negotiated and stipulated to dismissal of the action" without deciding the issues). This is clearly evidenced by the language of the consent judgment, in which plaintiff neither admitted nor

denied the facts alleged in the complaint, but instead agreed to permit "the Board [to] treat the allegations [in the complaint] as true *for purposes of this Order*." (Emphasis added). Therefore, we conclude that collateral estoppel did not apply to plaintiff's consent order with LARA, and plaintiff's claims in this case were not barred by collateral estoppel.[2]

Plaintiff further requests this Court to hold that there were genuine issues of material fact that precluded summary disposition and that plaintiff was entitled to a jury trial. However, the trial court never addressed whether summary disposition was precluded on other grounds, and we decline to do so on appeal. See *Smit v State Farm Mut Auto Ins Co*, 207 Mich App 674, 685; 525 NW2d 528 (1994) ("As a general rule, this Court declines to consider an issue that was not decided by the trial court."). On remand, the trial court should address the remaining issues in defendants' motion for summary disposition.

We vacate the grant of summary disposition and remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Patrick M. Meter
/s/ Michael J. Riordan

---

[2] Defendants briefly contend that collateral estoppel applies to the trial court's original ruling under MCR 2.116(C)(6) and barred this action. However, as stated, collateral estoppel cannot apply if the issues were not actually and necessarily litigated. *Rental Properties Owners*, 308 Mich App at 529. Defendants do not contend that the issues in this case were actually and necessarily litigated by the trial court in its order dismissing the case without prejudice. Indeed, the trial court's reasoning for dismissing the original case was to have the issues decided by LARA. But, as explained, the consent order between plaintiff and LARA did not actually and necessarily litigate any issues. Therefore, defendants' argument fails.